# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ALLEY BROTHERS, LLC | § |
| | § Civil Action No. 4:18-CV-258 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| MURALIDHARAN KRISHNAN, ET AL. | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 11, 2018, the report of the Magistrate Judge (Dkt. #28) was entered containing proposed findings of fact and recommendations that Plaintiff Alley Brothers LLC's ("Plaintiff") Motion to Remand (Dkt. #9) be granted. Having received the report of the Magistrate Judge (Dkt. #28), having considered Defendants Muralidharan Krishnan and Indiragandhi Kenthapadi ("Defendants") timely filed objections to the Report and Recommendation (Dkt. #31),[1] Plaintiff's Response (Dkt. #35), and Defendant's (sic) Sur-Reply to Plaintiff's Untimely/Late/ Improper Filed Combined Reply (DKT-35) (Dkt. #36), the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #28) as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

This suit concerns a post-foreclosure eviction proceeding related to a residence located at 8528 Maltby Court, Plano, Texas 75204 (the "Property"), where Defendants reside (Dkt. #1-4). On March 28, 2018, Plaintiff initiated an eviction (forcible detainer) proceeding in Justice Court

---

[1] Defendants also filed a Request to Reconsider the recommendations in the Court's Report and Recommendation (Dkt. #32). Defendants advise that their Request to Reconsider is duplicative of the aforementioned objections; as such, the Court's consideration herein constitutes a consideration of both.

of Precinct 4 of Collin County, Texas (Dkt. #1-4). The matter was set for trial on April 19, 2018 (Dkt. #1-4 at p. 1). Before the trial could commence, on April 13, 2018, *pro se* Defendants removed the case to the Eastern District of Texas, Sherman Division (Dkt. #1). On April 26, 2018, Plaintiff filed a Motion to Remand asserting that remand was proper because the Parties were not diverse and the complaint presented no basis for federal question jurisdiction (Dkt. #9). In connection with the Rule 16 Management Conference, a hearing was held on the Motion to Remand on June 4, 2018. The Magistrate Judge issued a Report and Recommendation on June 11, 2018, recommending that Plaintiff's Motion to Remand be granted (Dkt. #28). The Magistrate Judge made the following conclusions in determining that this case should be remanded to state court: (1) complete diversity of citizenship did not exist in this matter (Dkt. #28 at p. 3); (2) the amount in controversy was not met, and (3) Defendants' purported counterclaims could not be considered in determining jurisdiction (Dkt. #28 at pp. 4–5). On June 25, 2018, Defendants filed their objections (Dkt. #31). On July 17, 2018, Plaintiff filed "Plaintiff's Response to Defendants' Objections to the Magistrate Judges' [sic] Remand Recommendation and Order Denying a Stay of This Case as Well as Defendants' Motions to Reconsider the Underlying Motions" (Dkt. #35), and on July 27, 2018, Defendants filed their Sur-Reply (Dkt. #36).

**DEFENDANTS' OBJECTIONS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Defendants, by and through their objections, generally re-urge and rehash their complaints about the existence of fraud in this matter (*see* Dkt. #31). Defendants largely ignore the jurisdictional concerns raised by the Magistrate Judge, and continue to assert remand is improper both because

of alleged fraud and because Defendants themselves have raised federal questions in their counterclaims.

Specifically, Defendants repeatedly assert that the Court has failed to see the "FRAUD in this case," again alleging that unrelated parties formerly conspired to defraud Defendants of their ownership interest in the Property and also that Defendants were precluded at hearing from questioning Plaintiff about such fraud (Dkt. #31 at p. 2) (emphasis in original).[2] Defendants assert that these allegations of fraud, as well as the following counterclaims create federal question jurisdiction: FDCPA [18 U.S.C. § 1692 ("Fair Debt Collection Practices Act")]/RICO [18 U.S.C. § 1961 ("Racketeer Influenced and Corrupt Organizations Act")]/ MAIL [18 U.S.C. § 1341] and WIRE FRAUD [18 U.S.C. § 1343]/ CIVIL RIGHTS (discrimination based on national origin) (Dkt. #31 at p. 3) (emphasis in original).

Defendants have conceded that the Parties in this action are not diverse, and the instant case began as a forcible detainer action in state court. Forcible detainer actions are state law claims that provide no basis for federal question jurisdiction. *Fed. Nat. Mortg. Ass'n v. Elliott*, 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010).

***Defendants' Counterclaims Cannot Create Subject Matter Jurisdiction.***

Plaintiff avers that Defendants' assertion of any counterclaims cannot create federal question jurisdiction (Dkt. #35 at p. 2). Indeed, as the Magistrate Judge found, any defenses and/or counterclaims Defendants attempt to allege cannot be considered in determining the existence of removal jurisdiction. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no

---

[2] Defendants have previously filed a lawsuit alleging similar fraud claims as those in the instant case; such claims were dismissed on December 1, 2017, and are currently before the Fifth Circuit on appeal. *Muralidharan Krishnan, et al. v. JP Morgan Chase Bank, N.A., et al.*, No. 4:15-cv-632 (E.D. Tex. 2017) (E.C.F. Nos. 163, 167).

3

basis for federal question jurisdiction. The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."). Defendants cannot circumvent the jurisdiction of the state courts by asserting "federal questions" in an answer or counterclaim. *Stump*, 322 F. App'x at 380. This is true with respect to Defendants' alleged fraud allegations, as well. Defendants' assertions of fraud simply cannot supply jurisdiction. *See Fed. Nat'l Mortgage Ass'n v. Morse*, 4:16-CV-396, 2016 WL 6871143, at *5 (E.D. Tex. Nov. 22, 2016) (finding defendant's federal defenses and/or counterclaims related to racketeering, conspiracy and other fraudulent activity could not create a federal question and thus defeat a motion for remand).

To the extent Defendants assert that the Magistrate Judge erred in not allowing Defendants to question Plaintiff or Plaintiff's counsel concerning Defendants' fraud allegations (Dkt. #31 at p. 2), Defendants had no right to cross-examine either Plaintiff or Plaintiff's counsel at hearing on the Motion to Remand; such allegations were irrelevant to the Court's remand determination. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981) ("A district court need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction.").

In sum, because Plaintiff's complaint does not raise a federal issue, nor is Plaintiff's right to relief dependent upon a resolution of federal law, the Court lacks federal question jurisdiction over this matter. Accordingly, the Court does not reach, nor adjudicate Defendants' claims of fraud, as such fraud allegations raised in counterclaims cannot create federal question jurisdiction. Defendants make no other challenge to the Magistrate Judge's Report and Recommendation and their objections to the Report and Recommendation are overruled.

4

**CONCLUSION**

Having received the report of the United States Magistrate Judge (Dkt. #28), having considered Defendants' timely filed objections (Dkt. #31), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #28) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** Plaintiff Alley Brothers LLC's Motion to Remand (Dkt. #9) is **GRANTED** and Plaintiff's case is **REMANDED** to the Justice Court of Precinct 4 of Collin County, Texas.

All relief not previously granted is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 27th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE